**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carmen Licea, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cv-08706 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Illinois Central Railway Company, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carmen Licea sues Illinois Central Railway Company ("IC") under the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*., alleging discrimination on the basis of her race, sex, and national origin. Dkt. 1. IC moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. Dkt. 21. For the reasons discussed below, Defendant's motion is granted.

**Background**

Plaintiff has been employed by IC as a journeyman machinist since October 2022. Dkt. 1 at ¶ 6. Beginning on March 11, 2023, and until she took medical leave from her position on April 16, 2025, Plaintiff was racially and sexually harassed by her relief foreman. *Id*. Plaintiff details two incidents of harassment in her complaint: first, on March 11, 2023, her relief foreman "verbally racially and sexually harassed" her; and, second, on April 12, 2025, the same relief foreman "racially and sexually harassed" her. *Id*. at ¶¶ 9-10. On March 11, 2023, and on numerous occasions thereafter, Plaintiff complained to IC's human resources department and her supervisors about the harassment. *Id*. No action was taken by IC. *Id*. at ¶ 6.

On April 24, 2025, Plaintiff filed a charge of employment discrimination and violation of Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission.

*Id*. at ¶ 3. In her charge, Licea asserted that she experienced "discrimination based on… national origin, sex" as a "continuing action" between March 30, 2023, and April 12, 2025. Exhibit A to Dkt. 1. She alleged that "[d]uring my employment, I was subjected to harassment. I complained to [IC]. Subsequently, the harassment has continued. I believe I was discriminated against because of my national origin, Mexican, my sex, female, in violation of Title VII…" *Id*. On April 29, 2025, the EEOC issued a right-to-sue letter on the grounds that it was unable to conclude that the information obtained established violations of the statute. Dkt. 1 at ¶ 3. Plaintiff then filed this suit on July 27, 2025. *Id*. She alleges hostile work environment due to harassment on the basis of her race, sex, and national origin. *Id*.

### Discussion

IC moves to dismiss on three bases: (a) the complaint does not meet the pleading standard under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6); (b) certain of Licea's claims are time-barred under the statute; and (c) Licea failed to administratively exhaust her claims. Because Defendant succeeds in whole on the first argument, the Court does not reach the parties' arguments concerning timeliness or administrative exhaustion.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Through this statement, defendants must be provided with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff "need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation

2

of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

"In the employment discrimination context, we have said these requirements mean a plaintiff must advance plausible allegations that she experienced discrimination *because of* her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (emphasis added). The Seventh Circuit has repeatedly reaffirmed that this is a "minimal pleading standard." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A plaintiff need only identify the type of discrimination, when it occurred, and by whom. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514-15 (2002); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 677).

Plaintiff's complaint does not meet this standard. The sum total of Plaintiff's allegations are that she was "verbally racially and sexually harassed" by her relief foreman, and suffered "medical and emotional issues" as a result. Dkt. 1 at ¶¶6-11. This is not enough. Licea "includes no factual allegations directly or indirectly connecting the [harassment] with her national original, [sex], or race… There must be some *facts* that make the [hostile work environment] contention plausible." *Kaminski*, 23 F.4th at 776. Merely asserting that Licea was "racially and sexually harassed" does not plead any facts to support an inference that she was harassed *because of* her race or sex. While allegations of employment discrimination may be "general" and "conclusory," *Tamayo*, 526 F.3d at 1081, Plaintiff's allegations here are *so* conclusory that they can only fairly be characterized as "labels and conclusions." *Bell*, 835 F.3d at 738.

To be sure, Plaintiff need not plead a prima facie case. *See Swierkiewicz*, 534 U.S. at 510 (holding that elements of prima facie case of employment discrimination set out an evidentiary standard, not a pleading rule); *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir.

3

2024) ("[T]he time to demand evidence is the summary-judgment stage. All the complaint need do is state a grievance. Details and proofs come later."). But she must plead some short, plain, and plausible factual narrative that conveys "a story that holds together." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826-27 (7th Cir. 2014). "A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class. It is the *because of* allegation that was missing here" for Plaintiff. *Kaminski*, 23 F.4th at 777.

### Conclusion

Defendant's motion to dismiss is granted and the complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint by August 5, 2026. Failure to do so will result in dismissal of this case for want of prosecution.

**SO ORDERED.**

**ENTERED: July 15, 2026**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**